IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| AREDIA and ZOMETA PRODUCTS | ) |
| LIABILITY LITIGATION | ) |
| | ) |
| This Document Relates to: | ) |
|   Case No. 3:06-0377 (Thomas) | ) |
|   Case No. 3:06-0381 (Hogan) | ) NO. 3:06-MD-1760 |
|   Case No. 3:06-0521 (Brodie) | ) JUDGE CAMPBELL |
|   Case No. 3:06-0550 (White) | ) |
|   Case No. 3:06-0659 (Crews) | ) |
|   Case No. 3:08-0068 (Fussman) | ) |
|   Case No. 3:08-0069 (Forman) | ) |
|   Case No. 3:08-0071 (Deutsch) | ) |
|   Case No. 3:08-1157 (Anderson) | ) |
|   Case No. 3:08-1156 (Melau) | ) |

MEMORANDUM

Pending before the Court is the PSC's Motion to Preclude as Unsupported under *Daubert* Alternative Causes for Bisphosphonate Induced Osteonecrosis of the Jaw and Other Scientifically Unsupported Propositions and for Partial Summary Judgment (Docket No. 2375). For the reasons stated herein, Plaintiffs' Motion is DENIED.

The Plaintiffs ask the Court to do two things. First, they ask the Court to exclude, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786 (1993), any testimony from *any* of Defendant's expert witnesses that: (1) there are certain alternate causes of bisphosphonate-induced osteonecrosis of the jaw ("BONJ") for any Plaintiff, (2) ONJ and BONJ are equivalent or the same thing, (3) osteonecrosis of the hip and osteonecrosis of the jaw are equivalent in causative agents, (4) Aredia or Zometa extend the lives of cancer patients infused with them, and (5) any

specific Plaintiff experienced or failed to experience a "Skeletal Related Event" because he or she failed to take or took Aredia or Zometa. Docket No. 2375.

Under *Daubert*, the proponent of an expert witness must demonstrate that (1) the witness is qualified by knowledge, skill, experience, training or education, (2) the testimony of that expert witness is relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue, and (3) the testimony of that expert witness is reliable. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008). A *Daubert* analysis applies to a specific expert witness and a specific expert witness' testimony.

Plaintiffs' Motion asks the Court to exclude testimony about certain topics and certain conclusions, not specific testimony of a specific witness. The bases for excluding an expert witness' testimony under *Daubert* include whether it is based upon sufficient facts or data, whether it is the product of reliable principles and methods, and whether the expert applied the principles and methods reliably to the facts of the case. *In re Scrap Metal*, 527 F.3d at 529. Plaintiffs' arguments and assertions are not tied to any specific expert, much less to an individual expert's methodology. Plaintiffs have asserted disagreement with conclusions of Defendant's experts as a whole, but Plaintiffs do not, in this Motion, challenge specific experts or their specific methodologies, principles, or underlying data.

Plaintiffs do not ask the Court to exclude a particular expert witness or specific testimony of a specific expert witness; instead, Plaintiffs ask the Court to exclude all testimony on particular subjects. A *Daubert* motion does not provide a vehicle for the relief sought by Plaintiffs herein. Therefore, Plaintiffs' Motion to Preclude certain testimony is DENIED.

Secondly, Plaintiffs ask the Court to grant partial summary judgment on the following alleged facts: that the use of the I.V. bisphosphonates Aredia and/or Zometa (1) adversely impacts the dental options available to patients receiving it, (2) reduces the options for treatment of any patients receiving it who contract BONJ whatever the triggering event, and (3) makes ONJ worse and more difficult to treat. Docket No. 2375.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Judgment can be entered on entire claims or entire defenses, not on facts or parts of claims and defenses. Plaintiffs do not ask the Court to enter partial summary judgment on any specific claims or on any specific defense. Plaintiffs ask the Court to find, as a matter of law, certain facts. The Court cannot and will not make such a finding under Rule 56. In any event, even if the Court were to entertain such a motion, there are a myriad of genuine issues of material fact which preclude summary judgment on the issues presented.

For these reasons, Plaintiffs' Motion for Partial Summary Judgment is also DENIED.

IT IS SO ORDERED.

                                                          *Todd Campbell*
                                                          TODD J. CAMPBELL
                                                          UNITED STATES DISTRICT JUDGE